Matter of Bland (2026 NY Slip Op 01280)

Matter of Bland

2026 NY Slip Op 01280

Decided on March 05, 2026

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 05, 2026
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Barbara R. Kapnick
Justice Presiding
Lizbeth González Martin Shulman John R. Higgitt LlinÉt M. Rosado
Justices.
 Motion No. 2025-06069 Case No.2024-06537
 In the Matter of Lamon Darrell Bland
A suspended attorney: Attorney Grievance Committee for the First Judicial Department
Petitioner
Lamon Darrell Bland (OCA Atty. Reg. No. 4752184)
Respondent.

Motion No. 2025-06069|Case No. 2024-06537|

[*1]In the Matter of Lamon Darrell Bland, A Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Lamon Darrell Bland (OCA Atty. Reg. No. 4752184), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Lamon Darrell Bland, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on September 15, 2009.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York City (Gillian C. Gamberdell, of counsel), for petitioner.
Respondent, pro se.

Per Curiam 

Respondent Lamon D. Bland was admitted to the practice of law in the State of New York by the First Judicial Department on September 15, 2009, under the name Lamon Darrell Bland. Respondent maintains a registered address in the First Judicial Department.
By order entered May 1, 2025, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(1) and (3), this Court immediately suspended respondent from the practice of law for failure to comply with the Attorney Grievance Committee's (AGC) lawful investigative demands, failure to appear for an examination under oath, and failure to produce specified documents as directed by judicial subpoena (see Matter of Bland, 238 AD3d 98 [1st Dept 2025]). Respondent's suspension was predicated on a complaint made by his former landlord who alleged that he failed to satisfy a judgment she obtained against him. On May 5, 2025, the AGC served respondent with notice of entry and a copy of this Court's suspension order. Respondent acknowledged receipt on the same day.
On May 20, 2025, respondent emailed the AGC to inquire about the appropriate steps needed regarding any legal services rendered prior to his suspension. Although respondent indicated that he was "not interested" in contesting his suspension, he thereafter called the AGC on September 16, 2025 seeking reinstatement. Between September 17 and 22, 2025, respondent exchanged emails with the AGC, wherein he maintained, inter alia, that he had "fully cooperated regarding the complaint which has nothing to do with the practice of law."
On October 3, 2025, respondent emailed his former landlord and offered to pay the judgment from an escrow account if she withdrew her complaint. Respondent thereafter emailed the AGC asking what steps were necessary for reinstatement if his landlord withdrew her complaint. On October 22, 2025, the AGC informed respondent that he must seek reinstatement in accordance with 22 NYCRR 1240.16. Any withdrawal of t he complaint by his landlord would not be binding on the AGC.
The AGC repeatedly informed respondent that he could not be reinstated unless he cooperated with the AGC. Nonetheless, respondent has not contacted the AGC since October 22, 2025, nor has he made any effort to comply with its investigative demands, offered a reasonable explanation as to why he cannot do so, or filed the affidavit of compliance required by 22 NYCRR 1240.15(f).
By motion dated November 7, 2025, the AGC seeks an order, pursuant to 22 NYCRR 1240.9(b), disbarring respondent on the ground that he was immediately suspended pursuant to 22 NYCRR 1240.9(a)(1) and (3) and has neither responded to nor appeared for further investigatory or disciplinary proceedings within six months of the date of his suspension.
We find that, inasmuch as six months have elapsed since this Court's May 1, 2025 suspension order, and respondent has neither responded to nor appeared for further investigatory or disciplinary proceedings, respondent should be disbarred and his name stricken from the roll of attorneys in the State of New York, effective immediately (see Matter of Jenkins, 240 AD3d 18 [1st Dept 2025]; Matter of Naccarato, 233 AD3d 35 [1st Dept 2024]).
Accordingly, the AGC's motion should be granted, respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for an order pursuant to 22 NYCRR 1240.9(b), disbarring respondent, is granted, and respondent, Lamon Darrell Bland, is disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately, and until further order of this Court; and
It is further Ordered that, pursuant to Judiciary Law § 90, respondent, Lamon Darrell Bland, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, respondent, Lamon Darrell Bland, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Lamon Darrell Bland, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: March 5, 2026